Judge Underwood
delivered the opinion of the Court.
BookeR, as administrator of Cocke, sued Beauchamp, as administrator of Rowland, charging him with a devastavit of the assets which came to his hands. -It appeared in evidence, that Cocke obtained a judgment against Rowland, after which, both of them died. It also appeared in evidence* that Rowland, with Beauchamp and another, as his sureties, had executed a note to the president and directors of the bank of the commonwealth of Kentucky, on which, suit had been instituted, after Cocke’s judgment had been obtained. Pending the suit, in behalf of the bank, Rowland died; an abatement was entered as to him, and judgment rendered against his sureties. Beauchamp replevied the debt, and afterwards paid the amount due to the cashier authorized to receive it.
The payment thus made to the bank, is relied on as a misapplication of the assets, by Beauchamp; and the circuit court, on the motion of Booker, instructed the jury, that the judgment, in behalf of Cocke, was entitled to priority over the bank debt; and that Beauchamp was bound by law, to pay Cocke’s judgment first. Whether the instruction so given is correct, is the only question we deem important in the record.
The act, incorporating the bank of the commonwealth, passed before Cocke’s judgment was obtained. The 31st. section of that act declares, that all notes, executed to the bank, “shall be debts of superior dignity, and shall be first paid by executors and administrators.” We have no doubt but that the intention of the legislature, was to give the claims of the bank, founded on the note, a preference over all other demands against the testator’s or intestate’s estate. No distinction is made in the act between judgments, obtained in the lifetime of the deceased, *80 and those obtained against his representatives. The language of the act negatives the idea that any such distinction was intended.
Haggin, &/c. for plaintiff; Richardson, for defendant.
The judgment having been rendered against. Beau-champ, for the debt due the bank, cannot operate so as to destroy the character of the debt, in favor of the bank, against Rowland’s estate. Suppose Beauchamp had not been bound, as surety for Rowland, to the bank, and the bank, after Rowland’s death, had got a judgment against the sureties of Rowland, which judgment would Beauchamp, as administrator, be bound to pay? Surely the bank debt; and if he did not, it seems to us, he would be individually responsible. His being bound, as Rowland’s surety, instead of making his situation worse, does, if it has any operation, make it better, because of the right of retainer, conceded to administrators. We are, therefore, of opinion, that the court erred in the instruction given, and as judgment was rendered against Beauchamp, it must be reversed and set aside, and a new trial awarded.
The appellant is not entitled to costs, his opponent being a mere fiduciary.